# EXHIBIT 1

## IN THE DISTRICT COURT FOR THE STATE OF
## OKLAHOMA, BEAVER COUNTY

Tyler Palmer,              )
                      )
Plaintiff,             )
                      )  Case No. CJ-2021-5
          v.         )
                      )
Health Care Service Corporation,  )
a Mutual Legal Reserve        )
Company (operating as Blue     )
Cross Blue                 )
Shield of Oklahoma)         )
                      )
Defendant.           )

BEAVER COUNTY OKLAHOMA
**F I L E D**

MAR 12 2021

TAMMIE PATZKOWSKY
COURT CLERK
BY_____ DEPUTY

## PETITION

Plaintiff, for his cause of action, alleges and states:

1.      This is an action brought pursuant to 29 U.S.C § 1001, et. seq. (ERISA).

2.      Defendant Health Care Services Corporation (HCSC) is headquartered in Chicago, Illinois, and issues and administers health care plans in several states, including Oklahoma; the employee welfare benefit plan (Plan) at issue in this lawsuit is operated by HCSC under the name Blue Cross Blue Shield of Oklahoma. HCSC has significant contacts in this state/county.

3.      Plaintiff is a citizen of Beaver County, Oklahoma.

4.      The Court thus has jurisdiction pursuant to ERISA.

5.      Defendant Health Care Services Corporation (HCSC) has violated its legal and benefit Plan-based duties to Plaintiff by refusing to pay certain health care benefits claims incurred by Plaintiff's dependent child, who is covered by the health benefit plan at issue.

1

*CJ-2021-5*

6.      At relevant times, Plaintiff's child was covered by an employee welfare benefit policy interchangeably referred to as the plan or the policy (the Plan) issued and administered by defendant HCSC[1]. The plan provides for Defendant to pay for medical care and treatment for Plaintiff's infant child, a dependent beneficiary covered by the Plan (hereafter "benefits").

7.      Under the terms of the policy, Defendant administered claims under the Plan and retained the sole authority to grant or deny benefits to applicants.

8.      Defendant funds the Plan benefits.

9.      Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, thus Defendant has an inherent conflict of interest.

10. Due to the conflict of interest described above, this Court should consider Defendant's decision to deny benefits as an important factor during its review in determining the propriety of Defendant's denial of Plaintiff's benefits.

11. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish benefits according to the terms of the Plan.

## FIRST CAUSE OF ACTION

12. Defendant denied claims under the Plan for air ambulance transport for Plaintiff's infant child, which was medically necessary, and a covered event. Subsequent to the denial, Plaintiff complied with all relevant administrative procedures regarding claims for the benefits at issue, and then complied with all administrative appellate requirements regarding the denial. Defendant's denial of benefits was in violation of relevant legal standards of review.

---

[1] Group # 162717, issued to Elite Irrigation and Drilling, Inc.

CJ-2021-5

13      Specific plan provisions at issue in this matter include, but are not necessarily limited to, the following:

A. The Plan covers medically necessary claims, including the air ambulance service at issue; the claim at issue was incurred pursuant to the direction of the child's physicians, and was medically necessary.

14.      Defendant's denial of benefits is contrary to the benefit plan's express provisions and constitutes an abuse of discretion as well as a breach of Defendant's fiduciary and other ERISA-imposed duties owed to Plaintiff.

15.      Plaintiff timely appealed the denials of benefits. Defendant denied the appeal.

16.      Plaintiff has thus exhausted his administrative remedies (or they are deemed exhausted by operation of law) and this action is thus timely filed.

17.      As a result of defendant's actions, Plaintiff has been damaged in the amount of accrued and accruing benefits; Plaintiff has also incurred legal costs and attorney's fees.

## PRAYERS FOR RELIEF

Plaintiff prays for relief as follows:

18.      A declaration that Defendant breached its fiduciary duties under ERISA by denying medically necessary care, which was covered by the plan;

19.      An order requiring Defendant to reimburse all incurred treatment costs as above-described arising from Defendant's violations of ERISA;

20.      An order granting equitable restitution and other appropriate equitable monetary relief against Defendant;

3

CJ-2021- 5

21.     An award of all other appropriate and equitable relief under ERISA, including but not limited to 29 U.S.C §1132 (a)(1)(b) and/or (a)(3), and costs, interest and attorney's fees.

                                        Respectfully Submitted,


                                        Roy S. Dickinson, OBA #13266
                                        1408 Winding Ridge Rd.
                                        Norman, OK 73072
                                        (405) 321-3288
                                        (405) 973-2204 (fax)
                                        roy.d@coxinet.net

4